UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VASILIY GERASIMOV,**<br><br>  Plaintiff,<br><br>  v.<br><br>**CARAVAN INGREDIENTS, INC.,**<br><br>  Defendant. | Civ. No. 2:13-cv-01925 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Vasiliy Gerasimov filed this action against Defendant Caravan Ingredients, Inc. ("Caravan"). This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to dismiss is **GRANTED**.

I.   BACKGROUND

The allegations in the Complaint are thin. The relevant allegations are summarized below.

Plaintiff is an individual who resides in New Jersey. Compl. ¶ 1. Caravan is a corporation that operates a food ingredients and processing plant in Totowa, New Jersey. *Id.* ¶ 2. In May 2003, Caravan hired Plaintiff to be a mechanic in the company's maintenance department. *Id.* at 3. In 2011, Plaintiff took a medical leave for repair of hernia. *Id.* at 4. In August 2011, approximately three weeks after Plaintiff returned from medical leave, Plaintiff was transferred from the maintenance department to the production department without notice. *Id.* The company later acknowledged that Plaintiff should have been given notice of the transfer and gave Plaintiff a $1 raise. *Id.*

On February 21, 2012, while performing washout work on one of the kettles, Plaintiff received first and second degree burns on both of his feet. Compl. ¶ 5. In the next few months, Plaintiff received a wide range of medical treatments for his injuries. *Id.* ¶¶ 8-25. Plaintiff alleges that he was given inadequate medical care and that his doctors made the wrong recommendations. *See id.* On June 4, 2012, Plaintiff was notified that he was suspended from work without pay, pending an investigation. *Id.* ¶

1

26. On June 19, 2012, Plaintiff attended a meeting (presumably to discuss the investigation). *Id.* ¶ 27. During the meeting, Plaintiff was told to stop speaking in his native language. *Id.* On June 28, 2012, Plaintiff received a letter stating that he was being terminated for engaging in dishonest behavior. *Id.* ¶ 30.[1]

Plaintiff alleges that he was never provided with protective equipment after he was transferred to the production department. *Id.* Plaintiff contacted the Occupational Safety and Health Administration ("OSHA") to report the accident. Compl. ¶ 6. OSHA conducted an investigation, which resulted in sanctions to Caravan. *Id.* Plaintiff also filed a Petition for Worker's Compensation benefits. *Id.* ¶ 7.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III.   DISCUSSION

On January 23, 2013, Plaintiff filed a Complaint in New Jersey state court asserting seven causes of action:

(1) Count 1:  Wrongful Discharge;
(2) Count 2:  Wrongful Discharge – Promises of Specific Treatment;

---

[1] The Complaint does not identify the reason for the investigation, the subject of the meeting, or the reason for Plaintiff's termination.

      (3) Count 3:  Defamation;
      (4) Count 4:  Employment Discrimination – Title VII;
      (5) Count 5:  Employment Discrimination – New Jersey Law Against Discrimination ("NJLAD");
      (6) Count 6: Conscientious Employee Protection Act ("CEPA"); and
      (7) Count 7: Worker's Compensation.

On March 27, 2013, Defendant removed the action to this Court.  Defendant now moves to dismiss all seven counts of the Complaint.

    The Court finds that Counts 1 through 6 of the Complaint should be dismissed without prejudice.  The Complaint in this case merely recites the elements of each cause of action without providing factual support for these elements.  The Complaint does include more than 30 paragraphs of factual allegations, but most of these allegations summarize Plaintiff's medical history and are unrelated to his claims.  However, the Complaint was filed in state court where pleading standards are lower; it was not drafted with federal pleading standards in mind.  Accordingly, the Court will grant Plaintiff leave to amend these claims.  The Court will briefly address each count of the Complaint individually.

    As to Count 1 ("Wrongful Discharge"), Plaintiff was required to allege facts showing that his "discharge [was] contrary to a clear mandate of public policy." *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (1980).  Plaintiff did not provide any specific facts surrounding his termination or identify any public policy that was violated.

    As to Count 2 ("Wrongful Discharge – Promises of Specific Treatment"), Plaintiff was required to allege facts showing that Caravan's employment manual contained "an express or implied promise concerning the terms and conditions of employment," and that Caravan broke that promise. *Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 393 (1994).  Plaintiff did not identify any specific language in Caravan's employment manual or any actions taken by Caravan that were inconsistent with the manual.

    As to Count 3 ("Defamation"), Plaintiff was required to plead facts with particularity showing (1) a defamatory statement; (2) concerning the plaintiff; (3) which was false; (4) that was communicated to someone other than the plaintiff; (5) with fault at least amounting to negligence; and (6) damages. *Feggans v. Billington*, 291 N.J. Super. 382, 391 (1996).  The Complaint does not set forth any facts supporting this claim, not even what statements were made, who made them, or why they were false.

    In Counts 4 and 5 ("Employment Discrimination – Title VII" and "Employment Discrimination – NJLAD"), Plaintiff alleges that Caravan discriminated against him based on his national origin and retaliated against him for engaging in protected activity.  To establish a *prima facie* case of national origin discrimination, Plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was qualified for the

3

position he held; (3) he suffered an adverse employment action; (4) "under circumstances that give rise to an inference of unlawful discrimination." *Jones v. School District of Philadelphia*, 198 F.3d 403, 410-11 (3d Cir. 1999).  Plaintiff did not allege facts supporting any of these factors, and did not even identify his national origin.  To establish a *prima facie* case of retaliation under Title VII and NJLAD, Plaintiff must establish that (1) he engaged in activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between (1) and (2).  *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006); *Craig v. Suburban Cablevision, Inc.*, 140 N.J. 623, 629-30 (1995).  Plaintiff did not identify any protected activity or any adverse employment actions that resulted from that activity.

As to Count 6 ("CEPA"), Plaintiff was required to allege facts establishing that (1) he reasonably believed that his employer was violating a law, rule, regulation, or public policy; (2) he performed a whistle-blowing activity; (3) an adverse employment action was taken against him; and (4) there was causation.  N.J.S.A. § 34:19-3.  Plaintiff failed to allege any facts to support these elements.

The Court finds that Count 7 of the Complaint ("Worker's Compensation") should be dismissed with prejudice.  Plaintiff pursued his worker's compensation retaliation claim before the Office of Administrative Law.  *See* Mot. to Dismiss at 15, ECF No. 3-1.  Because Plaintiff has opted to pursue this claim administratively, he is barred from pursuing it in court.  *Lally v. Copygraphics*, 173 N.J. Super. 162, 181-82 (1980), *aff'd*, 85 N.J. 668 (1981) ("In summary, it is our holding that an employee who claims to have been the victim of retaliatory discrimination, in violation of N.J.S.A. 34:15-39.1 *et seq.*, may elect to pursue either a judicial or administrative remedy as herein defined.").  Accordingly, Count 7 is dismissed with prejudice.

## IV.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.  Counts 1, 2, 3, 4, 5, and 6 are dismissed without prejudice.  Count 7 is dismissed with prejudice.  An appropriate order follows.

          /s/ William J. Martini  
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 1, 2013**