UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**VASILIY GERASIMOV,**

        **Plaintiff,**

  v.

**CARAVAN INGREDIENTS, INC.,**

        **Defendant.**

Civ. No. 2:13-cv-01925 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Vasiliy Gerasimov filed this action against Defendant Caravan Ingredients, Inc. ("Caravan"). This matter comes before the Court on Plaintiff's motion for reconsideration. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

### I.   BACKGROUND

    On January 23, 2013, Plaintiff filed a Complaint in New Jersey state court asserting seven causes of action, including a wrongful discharge claim, an employment discrimination claim, and a worker's compensation retaliation claim. Plaintiff essentially alleges that he was injured while working in Defendant's food processing plant, and that he was terminated in retaliation for taking worker's compensation. On March 27, 2013, Defendant removed the action to this Court, and on April 2, 2013, Defendant filed a motion to dismiss. On July 2, 2013, this Court entered an Opinion and Order dismissing Counts 1-6 of the Complaint without prejudice, and dismissing Count 7, Plaintiff's worker's compensation retaliation claim, with prejudice. The Court found that Plaintiff was barred from pursuing his worker's compensation retaliation claim in court because he had already opted to pursue this claim before the Office of Administrative Law ("OAL"). *Gerasimov v. Caravan Ingredients, Inc.*, No. 13-1925, 2013 WL 3336758, at *3 (D.N.J. July 2, 2013) ("Because Plaintiff has opted to pursue this claim administratively, he is barred from pursuing it in court").

    Plaintiff now moves for reconsideration of the dismissal of Count 7. He argues that Count 7 should be reinstated because, on May 31, 2013, he voluntarily withdrew his OAL claim in order to pursue his worker's compensation retaliation claim in court.

## II.  LEGAL STANDARD

A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration should not be treated as an appeal of a prior decision.  *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument").  It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III.  DISCUSSION

The Court finds that the motion for reconsideration should be denied.  The withdrawal of Plaintiff's OAL claim is not new evidence.  Plaintiff withdrew his OAL claim before filing his opposition to the motion to dismiss.  Thus, this evidence was available and Plaintiff simply failed to present it to the Court.  Similarly, the Court did not commit a clear error, as the withdrawal of Plaintiff's OAL claim was never brought to the Court's attention.  *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (reconsideration is appropriate "only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered").  Finally, the fact that Plaintiff withdrew his OAL claim does not yield a different result.  Once Plaintiff chose to pursue his worker's compensation retaliation claim administratively, he waived his right to seek relief in court.  *See Lally v. Copygraphics*, 173 N.J. Super. 162, 181-82 (1980), *aff'd*, 85 N.J. 668 (1981) ("[A]n employee who claims to have been the victim of retaliatory discrimination, in violation of N.J.S.A. 34:15-39.1 *et seq.*, may elect to pursue either a judicial or administrative remedy" but not both).  A contrary ruling would encourage plaintiffs to file parallel litigation and forum shop based on which proceeding was more likely to be favorable.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**.  An appropriate order follows.

                                                /s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 20, 2013**